**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000365
21-MAY-2026
08:02 AM
Dkt. 79 SO**

NO. CAAP-25-0000365

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-RS1, Plaintiff-Appellee,
v.
EDWIN PAET EALA and CAROLINA CABUDOL-EALA,
Defendants-Appellants, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FRANKLIN BANK, SSB; FIA CARD SERVICES, N.A.; LVNV FUNDING, LLC; PORTFOLIO RECOVERY ASSOCIATES, LLC; THE RENAISSANCE COMMUNITY ASSOCIATION, Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191001251)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Guidry, and Gluck, JJ.)

In this foreclosure action, Defendants-Appellants Edwin Paet Eala and Carolina Cabudol-Eala (the **Ealas**) appeal from the March 20, 2025 "Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment

Against All Defendants and for Interlocutory Decree of Foreclosure" and the March 20, 2025 "Final Judgment", entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

The Ealas contend the Circuit Court erred in granting summary judgment because there are genuine issues of material fact as to (1) the trustworthiness and admissibility of the promissory note (**Note**) and Mortgage; (2) whether Plaintiff-Appellee the Bank of New York Mellon Trust Company (**BONYM**) mailed a default letter to the Ealas; (3) whether the Note was properly endorsed; and (4) whether the Allonge[2] was attached to the Note.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Ealas' contentions as follows, and affirm.

**(1) Authenticity of the Note:** The Ealas first argue that BONYM did not establish that prior loan servicers' records were accurate and trustworthy, such that the Note was inadmissible. Here, BONYM submitted a lengthy declaration from Juliana Thurab (**Thurab**), custodian of records for the PHH Mortgage Corporation (**PHH**), the loan servicing company for BONYM. Thurab's declaration stated, inter alia, that BONYM's prior loan servicing company, Ocwen Loan Servicing, LLC (**Ocwen**), conducted a review of the original Note on or about October 21, 2015, "and confirmed the original Note was specially indorsed to Plaintiff[.]" Thurab's declaration stated that PHH is the

---

[1]     The Honorable James H. Ashford presided.

[2]     An "allonge" is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Allonge, Black's Law Dictionary (12th ed. 2024).

successor by merger to Ocwen, and that "PHH's records include and incorporate records" from prior servicers (including Ocwen). Thurab further declared that PHH's processes for "boarding" (i.e., incorporating records from other servicers, including Ocwen) "ensure the accuracy and trustworthiness of the records being boarded," and she described those processes. She provided detailed testimony regarding the Ealas' Note, including that BONYM "had possession of the original Note, specially indorsed to Plaintiff, on . . . the date of the filing of the Complaint in this foreclosure." A declaration from Jeremiah Moeai, Custodian of Records for TMLF Hawaii LLLC, states that "[t]he original Note, specially indorsed to [BONYM], is currently stored at TMLF Hawaii LLLC's designated storage facility in a fire-proof safe. . . . [BONYM] has authorized TMLF Hawaii LLLC to be in physical possession of the original Note, specially indorsed to [BONYM], during the duration of this litigation." BONYM thus provided sufficient information regarding the authenticity and trustworthiness of the Note. See U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 327-28, 489 P.3d 419, 431-32 (2021); Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368-70, 390 P.3d 1248, 1255-57 (2017). The Circuit Court did not err in granting summary judgment.

(2) **Default Letter**: The Ealas next argue that there is no proof that BONYM ever mailed the default letter. The Thurab declaration states, "[o]n or about 03/01/2019, written notice was given to Borrowers at the Property address via First Class Mail advising of the default under the Note and Mortgage[.]" As discussed supra, Thurab's declaration included detailed information regarding PHH's and Ocwen's (and other loan servicers') recordkeeping procedures and incorporation of prior

servicers' records.  The Thurab declaration was sufficient to authenticate the business records and demonstrate that notices were, in fact, mailed.  See Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429.  BONYM met its initial burden on summary judgment, and the Ealas did not introduce any evidence to create a genuine issue of material fact.  The Circuit Court did not err.

**(3) Note Endorsement:**  The Ealas' third argument is that, because of an allegedly improper endorsement on the Note, BONYM cannot prove that it was the holder of the Note when the Complaint was filed and when the foreclosure decree was entered.  BONYM, however, met its initial burden on summary judgment by submitting evidence (Thurab's declaration) demonstrating the authenticity of the Note, the trustworthiness of prior loan servicers' business records, the indorsement of the Note to BONYM, and physical possession of the Note on the relevant dates.  The Ealas did not introduce any evidence to create a genuine issue of material fact.  Therefore, the Circuit Court did not err in granting summary judgment.

**(4) Allonges:**  The Ealas argue that BONYM failed to prove that the Allonges were attached to the Note.  However, the Thurab declaration states:  "The Note includes an Allonge to Note ('Allonge 1') which is affixed thereto and which is intended to be a part of the Note."  She also declares that "Allonge 2 has been voided and is therefore no longer valid."  Once again, BONYM met its initial burden on summary judgment, and the Ealas did not introduce any evidence to create a genuine issue of material fact.  The Circuit Court did not err.

Based on the foregoing, we affirm the March 20, 2025 Final Judgment.

DATED:  Honolulu, Hawaiʻi, May 21, 2026.

On the briefs:

Keith M. Kiuchi,
for Defendants-Appellants.

Jade Lynne Ching,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Kimberly T. Guidry
Associate Judge

/s/ Daniel M. Gluck
Associate Judge